IN THE UNITED STATES OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY LANE COULTER                                                                                     PLAINTIFF

vs.                                              NO. 4:08CV00447 BSM

STATE OF ARKANSAS, ET AL.                                                                 DEFENDANTS

## ORDER

Plaintiff filed this removal petition *pro se* and asks to proceed *in forma pauperis*. The application to proceed *in forma pauperis* is granted.  However, because the court finds that it does not have jurisdiction over this action, the action is hereby dismissed.

On October 29, 2003, Coulter filed a complaint in the Circuit Court of Howard County, Arkansas against L.C. Hill alleging that Hill wrongfully holds possession of Plaintiff's property and refuses to deliver possession of the property to Plaintiff.  Plaintiff also contends that Hill stole some of Plaintiff's property and sold it.

Plaintiff filed a removal petition pursuant to 28 U.S. C. § 1343.  In this action he makes the same allegations against Hill that he did in the state court action.  He also contends that Hill's attorney conspired with Hill to steal Plaintiff's land.  He alleges that Howard County Circuit Judge Ted C. Capeheart should have recused because of personal bias or prejudice.  He further alleges that Judge Capheart violated Plaintiff's rights to due process and equal protection of the law for dismissing his complaint.

Plaintiff asks that the court issue a writ of execution.  He seeks possession of the property, damages, and a mandatory injunction against Hill.

-1-

ANALYSIS

Even assuming that there is an action pending in state court, Plaintiff cannot remove the action under 28 U.S.C. § 1441 or § 1443. Removal is available only to a defendant. *See* 28 U.S.C.§ 1446 (procedure for removal). The court will therefore construe Plaintiff's "removal action" as a complaint originally filed in federal court. This court, however, finds that the complaint should be dismissed for a number of reasons. *See Thomas v. Basham*, 931 F. 2d 521, 522-523 (8th Cir. 1991) (jurisdiction issues may be raised sua sponte by federal court when there is indication that jurisdiction is lacking).

(1) *Rooker-Feldman* Doctrine

According to an exhibit filed with the complaint, the state court dismissed Plaintiff's state court action on April 17, 2008. Plaintiff essentially seeks review of the state court judgment. Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine recognizes that . . . lower federal courts lack subject matter jurisdiction over challenges to state court judgments. Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. Because the *Rooker-Feldman* rule is jurisdictional, it may be addressed for the first time on appeal and may be raised sua sponte." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

The *Rooker-Feldman* doctrine bars both straightforward appeals and more indirect attempts by a plaintiff to undermine a state court decision.

> Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general

>constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." In such cases, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." The state and federal claims need not be identical.

*Id.* at 492-493.

It is clear that Plaintiff asks that this court do what the state court refused to do, i.e., turn over the property to him. The *Rooker-Feldman* doctrine applies and the court does not have subject matter jurisdiction over the complaint.

(2) Diversity Jurisdiction or Federal Question Jurisdiction

The court does not have diversity jurisdiction over the complaint. All defendants are, like Plaintiff, residents of Arkansas. *See* 28 U.S.C. § 1332(a).

The only other basis for the court's jurisdiction is under 28 U.S.C. § 1331, federal question jurisdiction. Plaintiff might be attempting to assert a claim under 42 U.S.C. §1983 against defendants. If so, Judge Capeheart is entitled to absolute judicial immunity, *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (judge absolutely immune for actions taken in judge's judicial capacity).

Additionally, Plaintiff has failed to state a claim against the remaining defendants as he has not alleged that any wrongful action was done under color state law. He has only alleged that the two remaining defendants conspired with each other, not that they conspired with any state officials. *See DuBose v. Kelly*, 187 F. 3d 999, 1003 (8th Cir. 1999) (private citizens who act in concert with state officials may be liable under §

1983); *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (private actor may be liable under § 1983 only if willing participant in joint action with state or its agents). Here, Plaintiff alleges that Steele conspired with Hill to steal Plaintiff's land by, *inter alia*, "misdirecting the court." There is no allegation that Steele, Capeheart, and Hill acted in concert.

      Therefore, the court finds that it does not have subject matter jurisdiction over this action and the complaint is hereby dismissed with prejudice.

      IT IS SO ORDERED this 28th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE